## In re HORTON.

### (Circuit Court of Appeals, Eighth Circuit. June 4, 1900.)

### No. 18.

**BANKRUPTCY—INTEREST OF TRUSTEE IN LITIGATION IN STATE COURT—INJUNCTION.**

Where, four months prior to being adjudicated a bankrupt, a debtor sold certain buildings, under an agreement with the vendee that if any liens were established against the property the latter might discharge the same out of part of the purchase price retained by him, and thereafter mechanics' liens were filed against the buildings, and suits brought to enforce the same in a state court, after proceedings in bankruptcy had been instituted against the vendor, the trustee of the bankrupt is not entitled to have the suits for the enforcement of the liens against the buildings enjoined, and the proceedings removed to the bankrupt court.

Petition for Revision of Order of the District Court of the United States for the District of Nebraska, in Bankruptcy.

T. J. Mahoney, for petitioner.

Myron L. Learned and Henry E. Maxwell (J. W. Hamilton and John L. Kennedy, on the brief), for respondent.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is a petition filed under section 24 of the recent bankrupt act, to revise in matter of law an order made by the district court of the United States for the district of Nebraska in a bankruptcy proceeding. The bankrupt, the Greater America Exposition, a corporation, was adjudicated a bankrupt on January 5, 1900. Theretofore, on September 7, 1899, it had conveyed certain buildings which belonged to it to the Chicago House-Wrecking Company. A part of the consideration for the purchase was paid by the wrecking company in cash. The balance of the purchase price was retained by it upon an understanding or agreement, in substance, that, if any liens were established against the property sold, the wrecking company might discharge the same out of the proceeds of the sale which remained unpaid. Subsequently, in the months of October and November, various persons filed mechanics' liens against the buildings, and in due time brought suits against the wrecking company and

the bankrupt corporation, in a state court, to enforce the liens. Thereupon the trustee of the bankrupt filed a petition in the United States district court to stay the prosecution of such suits. On the hearing of the application the district court made an order staying the prosecution of said suits for the purpose of obtaining a personal judgment against the bankrupt, but it declined to stay the prosecution of the same against the wrecking company for the purpose of establishing a lien against the res. This is the order which is brought before us for review. We are satisfied that the order complained of was a proper order. We are of opinion that the bankrupt court had no right to stay the suit to enforce the lien as against the res in the possession of a third party, to wit, the wrecking company, although the trustee of the bankrupt was incidentally interested in the amount of the lien which might be established, by virtue of the contract which the bankrupt had entered into with the vendee. The fact that a trustee in bankruptcy may be interested in the result of a litigation which is pending between third parties in a state court does not entitle him to have the proceedings in such action stayed, as between such third parties, and to have the controversy transferred for adjudication to the bankrupt court. Various questions arising under the bankrupt law were discussed on the argument, but we find it unnecessary to consider them on the present occasion. The bankrupt had made a valid sale of the property in controversy before proceedings in bankruptcy were instituted against it. It had no interest whatever in the property against which the plaintiffs in the suits pending in the state court were seeking to establish liens, and, having no interest in the property itself, the trustee of the bankrupt cannot successfully claim that the jurisdiction of the state court to establish liens against the property should be ousted, and that controversy transferred to the bankrupt court. Finding no error in the order of the district court, the petition for review is dismissed.