### In re FRANKLIN.

(District Court, D. Massachusetts. February 20, 1901.)

BANKRUPTCY—EXECUTION AGAINST SURETY—INJUNCTION.

At date of adjudication in bankruptcy there was pending against bankrupt in a state court a suit in which a bail bond had been taken, and to protect the surety on the bond the bankrupt had deposited with him a sum of money. After adjudication the plaintiff in the suit proceeded to judgment, and took out execution, and sought to enforce it against the surety on the bail bond. *Held*, that the enforcement of such judgment and execution will not be restrained, though by Bankrupt Act, § 11, the federal court has power to stay suits against bankrupts, and it is alleged that the bankrupt has a good defense to the original action, the state court having refused to reopen the case.

In Bankruptcy.

Harry J. Jaquith, trustee, pro se.

Clarence W. Rowley, for Thayer & Flanders, plaintiffs in state court suit.

LOWELL, District Judge. At the date of the adjudication there was pending against the bankrupt in a state court a suit in which a bail bond had been taken. To protect the surety on that bond, the bankrupt had deposited with him a sum of money. After adjudication the plaintiff in the suit proceeded to judgment, and took out ex-

ecution, which he is seeking to enforce against the surety on the bail bond, but not against the bankrupt himself. The trustee seeks to restrain the enforcement of the judgment and execution, alleging that he had a good defense to the action, which he was prevented from presenting to the state court by a breach of an agreement made with him by the plaintiff's counsel. By section 11 of the bankrupt act, this court is given power to stay suits against the bankrupt until 12 months after the date of adjudication, or until the question of discharge is determined. The state court, however, following the decision in Rosenthal v. Nove, 175 Mass. 559, 56 N. E. 884, held that, for the purpose of enforcing the liability on the bail bond, the case should proceed to judgment. The decision of the supreme court of Massachusetts is not opposed to the decisions of the federal courts. In re Marshall Paper Co. (D. C.) 95 Fed. 419; on appeal, 102 Fed. 872, 43 C. C. A. 38. It was contended, however, that in the case at bar there was in the hands of the surety money of the bankrupt, and that, if the plaintiff in the state court were permitted to enforce the bail bond, the surety on that bond would be entitled to apply to his indemnity the money deposited by the bankrupt, and so the bankrupt's estate would be diminished. It is hard to see how this court can compel the state court to try again the liability on the bond. The liability of the surety is a question within the jurisdiction of that court. If, indeed, it be taken that the judgment in that court was recovered by means of a fraud committed upon the trustee, it may be that this court has jurisdiction to restrain the enforcement of the judgment until the trustee has had opportunity to ask the state court to reopen the matter and give him a hearing; but in this case the trustee has already asked the state court for a rehearing, and has urged, or has had an opportunity to urge, upon that court the alleged improper proceeding of the plaintiff's counsel. The state court has refused to reopen the case, and this court, even if it has jurisdiction to do so, is not disposed to review the decision of that court upon the facts. That the result of a suit brought against the bankrupt in a state court may thus result in the diminution of his estate applicable in bankruptcy to the payment of his debts is not a conclusive reason for restraining the prosecution of that suit, when the personal liberty of the bankrupt is not threatened, and when the judgment sought for is not to be enforced against him, but against some one else. The case of In re Horton, 102 Fed. 986, 43 C. C. A. 87, though not precisely in point, is in many respects much like the case at bar.