## In re EASTERN COMMISSION & IMPORTING CO.

(District Court, D. Massachusetts.   May 6, 1904.)

### No. 8,705.

1. BANKRUPTCY—PROCEEDINGS AGAINST DEBTOR—STAY.

Where within four months prior to the filing of an involuntary bankruptcy petition a creditor of the alleged bankrupt had brought suit in a state court on a debt dischargeable in bankruptcy against the bankrupt, and threatened to obtain an attachment, and, in order to prevent the attachment, the bankrupt gave bond with surety, and to protect the surety had pledged its property, the bankruptcy court would restrain the creditor from proceeding therewith until after adjudication.

In Bankruptcy.

Robert Homans, receiver, pro se.
Elder & Whitman, for creditor.

LOWELL, District Judge. Pending adjudication upon an involuntary petition, a receiver appointed by the court of bankruptcy filed a petition alleging as follows: That within four months a creditor had brought suit in the state court against the respondent in bankruptcy, and had obtained or threatened to obtain an attachment upon its property; that, in order to prevent the execution of the threat or to dissolve the attachment, the debtor had given a bond, with surety, and to protect the surety had pledged its property to him in order to secure him from loss; that the suit was based on a debt dischargeable in bankruptcy; that, if the creditor's suit was allowed to proceed, execution would be levied either (1) upon the debtor's goods, or (2) upon the surety, who, upon payment of the debt and satisfaction of the bond, would realize on his pledge, and so in either case the estate to be administered by the court of bankruptcy would be diminished; that there was now no one with clear right to defend the suit. It was held by the Supreme Court in Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620, affirming In re Franklin (D. C.) 106 Fed. 666, that this court could not enjoin one who had already recovered judgment against the bankrupt from taking out execution against the surety on a bail bond given to release the bankrupt, where the surety held in pledge the bankrupt's property to indemnify him for his liability on the bail bond. So here, if the creditor had recovered judgment, and were now seeking to enforce his bond against the surety, this court could not stay him. Again, if, after adjudication, he were seeking to proceed with his suit in order to obtain a special judgment, as in Rosenthal v. Nove, 175 Mass. 559, 56 N. E. 884, 78 Am. St. Rep. 512, this court might refuse to exercise its discretion to stay him. Prior to adjudication, however, the statutory stay is peremptory. It is in the interest not only of the bankrupt, but of his estate, that there should be some one to defend the suit. If the creditor gets judgment, he will be able not only to enforce the bond, but to prove the amount of his judgment against the estate in bankruptcy, and other creditors are interested that the judgment shall be as small as possible. They have now no trustee to represent them. While it may be possible to authorize the receiver to undertake the defense of the suit, yet for obvious reasons this is not ordinarily desirable. An injunction will issue restraining the creditor from suit until after adjudication. If further stay is deemed necessary by any party, it must be applied for.