[S. F. No. 5305.  In Bank.—August 3, 1911.]

# THOMAS BUTLER, Respondent, v. NG CHUNG et al., Defendants, NG CHUNG, TOY LUN YICK and JUE LEE, Appellants, PETER JORDAN and CHARLES S. CRAM, Copartners, Respondents.

MECHANICS' LIENS—PARTIAL DESTRUCTION OF BUILDING.—A mechanics' lien may be had for work and materials furnished for the construction of a building which is partially destroyed by fire before its completion and of which a substantial part remains to the owner.

ID.—LIEN CLAIMANTS SUBSTITUTED FOR ORIGINAL CONTRACTOR.—Where a valid contract for the erection of a building has been filed, mechanics' lien claimants are merely substituted to the original contractors, and their right to enforce their liens against the owner depends on whether or not the original contractor has a money demand against the owner growing out of the building contract.

ID.—EXTENT OF OWNER'S LIABILITY.—The liability of an owner, who has on his part complied with all the terms of a valid contract, is limited to the price which by his contract he has agreed to pay. Up to this limit of liability, the claimants, by filing their liens, acquired a right to share in any money owing from the owner to the original contractors on account of the contract, and their right, to this extent, is secured by a lien on the property.

ID.—NOTICE TO WITHHOLD—PERSONAL LIABILITY OF OWNER.—The service of notices to withhold on the owner, pursuant to section 1184 of the Code of Civil Procedure, operated, in effect, as a garnishment or equitable assignment of the amounts due or thereafter becoming due to the contractors under the contract, and entitled the persons serving the notice to receive so much of said amounts as would satisfy their claims, and to recover a personal judgment against the owner therefor.

ID.—BUILDING CONTRACT—OBLIGATION OF OWNER TO INSURE—PARTIAL DESTRUCTION OF BUILDING BY FIRE—RIGHT OF CONTRACTOR TO SHARE IN INSURANCE MONEY.—A provision in a building contract, that in case the building shall, before completion, "be wholly or partially destroyed by fire, then the loss occasioned thereby shall be sustained by the owners, and the owners agree to carry an insurance for the full amount of labor and materials as the work progresses," does away with the rule in ordinary cases, that the risk of fire is upon the contractor, and that he must rebuild, if, before completion, the building is burned. It puts such loss upon the owner, and, in effect, requires him to insure for the mutual benefit of himself and the contractor to the full value of the labor and material that may be subject to destruction by fire during the progress of the work. The contractors

are entitled, on equitable principles, upon the abandonment of the
building by mutual consent after the fire, to share in the amount
realized from the insurance, to the extent that they were unpaid for
the work done at the time of the fire.

Id.—Action to Enforce Liens—Removal of Materials by Contractor
—Evidence.—In an action by claimants to enforce their liens against
a building being erected under such a contract, and which was par-
tially destroyed by fire and afterwards abandoned by mutual con-
sent of the owner and contractors, evidence was properly excluded
to show that after the fire, the original contractors had carried
away all materials remaining on the lot except the foundation and
the part of the walls which had not fallen. Such evidence was imma-
terial unless it tended to show that the abandonment of the building
was due to the fault of the contractor, or to reduce his loss to less
than the amount found due him under the contract.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order refus-
ing a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

John A. McGee, F. J. Drury, and R. M. Royce, for Appel-
lants.

Roger Johnson, for Respondent.

THE COURT.—Action to foreclose liens of materialmen
and sub-contractors. The court gave the plaintiff, as assignee
of the original claimants, a judgment against the owners for
$2988.40, with interest, and also for the foreclosure of a lien
upon the property for said amount. The said owners appeal
from the judgment and from an order denying their motion
for a new trial.

The complaint is in six counts, each setting up the claim of
one of plaintiff's assignors. The plaintiff alleged the due
execution and filing of a written contract between the appel-
lants, as owners, and the defendants Jordan & Cram, as con-
tractors, for the erection of a four-story and basement brick
building for the agreed price of fourteen thousand dollars. It
is averred that Jordan & Cram proceeded with the construction
of the building until on or about the seventeenth day of April,
1906, when said contract was abandoned, but no notice of

cessation of labor has ever been filed. The assignors of plaintiff filed their respective claims of lien, and each, during the progress of the work, served upon the owners written notice of the furnishing of materials and the performing of labor, in the amounts claimed. (Code Civ. Proc., sec. 1184.) Each count alleges, upon information and belief, that at the time of so serving notice, and at all times since, there was and now is due and unpaid from the owners to the contractors, on account of the contract price, more than five thousand dollars, "which is applicable to the aforesaid claim, and the lien therefor."

The answers of the owners undertake to deny (although the denial is perhaps insufficient in form), that, at the time of the service of the notices, or thereafter, anything was due from the owners to the contractors. They deny the furnishing of labor or materials by the respective assignors of plaintiff, and allege, affirmatively, that the building was, on the eighteenth day of April, 1906, destroyed by fire. They allege further, that the contract has never been completed, and that no money is due or owing to the original contractors.

The court found that all the allegations of the complaint (except the third count thereof) were true. With reference to the affirmative matter pleaded, there was a finding "that on the 19th day of April, 1906, a general conflagration took place in the above city and county, by which said building was partially destroyed, without any fault of defendants, but that a material part thereof of the value of $5000 remained intact; that at the time of said fire said building was almost but not entirely completed and had not been accepted, but there was then due to the contractors, Jordan & Cram, by said owners, pursuant to the terms of said contract between them for the erection of said building, the sum of $5500, no part of which has ever been paid." Judgment followed as above stated.

The briefs of counsel are, in large part, devoted to a discussion of the question whether the rule declared in *Humboldt Lumber Mill Co.* v. *Crisp*, 146 Cal. 686, [106 Am. St. Rep. 75, 81 Pac. 30], is applicable here. In that case it was decided that a mechanics' lien for work and materials furnished for the construction of a building could not attach where the building had, without the fault of the owner, been destroyed before it was completed and before the claim of lien was filed.

This conclusion was based upon the "peculiar language of our mechanics' lien law," providing for a lien, not only upon the building, but also upon the land covered by it and so much other land as may be required for its convenient use and occupation, a mode of expression which, as the court says, "looks to an existing house that can be occupied in the future, and not to a vacant lot upon which no house exists." A further reason for denying a lien in case of the destruction of the structure was found by the court in the view that the true consideration for the lien is the benefit conferred upon the owner by placing labor and materials in his building, and that where the building is destroyed before completion, no such benefit can be enjoyed by the owner.

We think neither of these grounds is applicable where the destruction is only partial and a substantial part of the structure remains to the owner. There can be no insurmountable difficulty in determining the amount of ground necessary for the convenient use and occupation of a building which has been damaged, but which may be restored and completed so as to be fit for occupancy. Nor is the owner, by such partial destruction, necessarily deprived of all benefit of the labor and materials which have gone into the structure of which a material part remains.

Where a valid contract has been filed, as was done here, the lien claimants are merely substituted to the original contractors, and their right to enforce their liens against the owners depends on whether or not the original contractor has a money demand against the owner growing out of the building contract. "The liability of an owner, who has on his part complied with all the terms of a valid contract, is limited to the price which by his contract he has agreed to pay." (*Hoffman-Marks Co.* v. *Spires,* 154 Cal. 111, [97 Pac. 152]; *Kellogg* v. *Howes,* 81 Cal. 179, [6 L. R. A. 588, 22 Pac. 509]; *Stimson Mill Co.* v. *Braun,* 136 Cal. 122, [89 Am. St. Rep. 116, 57 L. R. A. 726, 68 Pac. 481]; *Latson* v. *Nelson,* (Cal.) 11 Pac. C. L. J. 589.) But up to this limit of liability, the claimants, by filing their liens, acquire a right to share in any money owing from the owners to the original contractors on account of the contract, and their right, to this extent, is secured by a lien on the property. The court in this case found that at the time of the fire there was due from the owners to the contractors, under the contract,

the sum of fifty-five hundred dollars, no part of which has been paid. The effect of the filing of the liens was to transfer from the contractors to the lien claimants the right to receive this money, so far as necessary to satisfy the liens. If the owners are liable for the amount, it does not concern them whether they pay it to the contractors or to the lienors. There being a substantial structure to which the liens may attach, they should be held good to the extent of the amount due from the owners to the contractors.

The finding that this balance was due from the owners to the original contractors, justified also the personal judgment against the owners. The service of notices to withhold pursuant to the provisions of section 1184 of the Code of Civil Procedure, operated, in effect, as a garnishment or equitable assignment of the amounts due or thereafter becoming due to the contractors under the contract, and entitled the persons serving the notice to receive so much of said amounts as would satisfy their claims. (*Bates* v. *Santa Barbara Co.,* 90 Cal. 543, [27 Pac. 438] ; *Bianchi* v. *Hughes,* 124 Cal. 24, [56 Pac. 610].)

The appellants attack, as unsupported by the evidence, this finding that fifty-five hundred dollars was due from the owners to the contractors and was applicable to the payment of the liens. The twelfth clause of the contract, so far as material, is as follows: "In case said work herein provided for shall, before completion, be wholly or partially destroyed by fire, . . . then the loss occasioned thereby shall be sustained by the owners, and the owners agree to carry an insurance for the full amount of labor and material as the work progresses."

This clause does away with the rule in ordinary cases, that the risk of fire is upon the contractor, and that he must rebuild if, before completion, the building is burned. It put such loss upon the owner and, in effect, required him to insure for the mutual benefit of himself and the contractor to the full value of the labor and material that may be subject to destruction by fire during the progress of the work. The owners in this case had taken out a policy of insurance for this purpose in the sum of ten thousand dollars. If the progress payments had been made promptly and were sufficient to repay the contractors the full cost of the structure destroyed, the contractors would not have been entitled to any share in the insurance money. But these payments do not usually equal such cost

and in the form in which this contract was drawn it is apparent that they would be insufficient to reimburse the contractors. The parties must be deemed to have contemplated this and to have contracted accordingly for insurance for their mutual benefit.

The pleadings, findings, and evidence do not show the reasons which led to the abandonment of the contract. The owners made no attempt to show that it was by reason of the fault of the contractors, nor was there any attempt by the plaintiffs to prove that it was because of the owners' default in the payments or otherwise. The familiar circumstances following the great fire of April, 1906, which destroyed not only this building, but a vast area of buildings comprising the entire business district and a large part of the residence section of San Francisco, and interrupted for months every enterprise in the city, are a part of the history of the country, and, in connection with the facts of this case, are sufficient to warrant the conclusion that the abandonment was by the mutual consent of the parties. We must presume that the court below found this to be the fact. This would leave the rights of the owners and contractors to be adjusted in accordance with the principles of equity, justice, and the terms of the contract, so far as they can be applied. The contract price of the building was fourteen thousand dollars, and extra work had been done of the value of $2147. The building required only four days' work and the expenditure of about eight hundred dollars to complete it. The contractors had received $5250 on the contract price and $520 on the extra work. This left a balance of $9577 unpaid on the work done by the contractors at the contract price at the time of the fire. This sum represented the contractors' loss from the fire. Under the circumstances, the contractors would, in justice and equity, be entitled to demand of the owners a much larger sum than the fifty-five hundred dollars found due by the court. The finding is therefore sustained by the evidence and it affords an adequate basis for the judgment of foreclosure, as well as for the personal judgment against the owners.

The finding as to the value of the part of the building remaining after the fire is supported by the evidence of one of the contractors which it is not necessary to discuss further.

It is urged that the court erred in refusing to permit the

appellants to show that, after the fire, the original contractors had carried away all materials remaining on the lot except the foundation and the part of the walls which had not fallen. The evidence was properly excluded. Unless it had some tendency to show that the abandonment of the building was due to the fault of the contractors, or to reduce the contractors' loss to less than fifty-five hundred dollars, it was immaterial. There was no proposal to show that their conduct in taking away these materials was without the consent of the owners, or that it was not done pursuant to the agreement of abandonment. With these facts it might have a slight tendency to prove that the abandonment was the act of the contractor alone, but without these additional facts we cannot perceive that any inference to that effect could be drawn. No evidence that they had any value whatever was offered.

The judgment and order appealed from are affirmed.