## In re COTTON et al.

(District Court, N. D. California, First Division. September 26, 1913.)

### No. 7,568.

1. BANKRUPTCY (§ 288*)—ADMINISTRATION—MONEY BELONGING TO BANKRUPT —ADVERSE CLAIM—PROCEEDINGS.

Where a third person holds money or property under a claim adverse to the bankrupt which is not merely colorable, such property or money may not be summarily taken by the bankruptcy court, but the validity of the claim must be determined by a court of plenary jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

2. BANKRUPTCY (§ 155*)—PROPERTY BELONGING TO ESTATE—ADVERSE CLAIM— MUNICIPAL CORPORATIONS—PROCEEDS OF CONTRACTS—NOTICE OF LABORERS' LIENS.

Code Civ. Proc. Cal. § 1184, provides that mechanics, materialmen, laborers, etc., may at any time give to the owners a notice that they have performed labor or furnished materials, stating in general terms the kind of labor and materials, the amount and value thereof, and that on such notice being given in cases of property which, for reasons of public policy or otherwise, is not subject to liens, the owner shall withhold from his contractor sufficient money due or to become due to such contractor to answer the claim and any lien that may be filed thereafter. Held, that since, under such section, the giving of such notices to a municipal corporation by laborers and materialmen having claims against the bankrupt in connection with the performance of contracts by him for such corporations operated as an equitable assignment of a sufficient amount of the fund required to pay the claims of those giving the notices and the corporations for failure to retain the fund might be subjected to personal judgment, their claim of right to hold the fund pursuant to the notices was not colorable, though they admitted they had no personal interest therein, and hence the bankruptcy court had no jurisdiction to compel payment of the same to the bankrupts' trustee notwithstanding the notices.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 155.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Charles E. Cotton and others, doing business as Cotton Bros. & Co. On petition to review a referee's order directing that municipal corporations holding proceeds of certain contracts performed by the bankrupts pay over the same to the bankrupts' trustee. Reversed.

Mansfield & Newmark, of San Francisco, Cal., for creditors.
A. E. Bolton, of San Francisco, Cal., for bankrupt.

---

DOOLING, District Judge. The facts, briefly stated, are as follows: Cotton Bros. & Co., the bankrupts, were contractors, and had under way three certain contracts for the construction of public works, one with the county of San Joaquin, one with the city of Oakland, and the third with the city of Bakersfield. During the progress of these contracts certain materialmen and laborers filed with the municipal bodies mentioned notices to withhold enough money due or to become due to the contractors to satisfy their claims, as provided in section 1184 of the Code of Civil Procedure of the state of California. Pursuant to such notices, and withheld from the contractors thereunder, the county of San Joaquin has in its possession $13,822.47, against which are claims to the amount of $15,622.06, the city of Oakland has $15,033.33, with outstanding claims amounting to $18,459.84, and the Security Trust Company, under a trust agreement, has money and bonds, either in its possession or due from the city of Bakersfield, to the amount of $8,830.65, against which notices have been filed with the city of Bakersfield, aggregating something over $3,000. All of the parties holding said moneys, and such claimants against the various amounts as had then filed their notices, were brought before the referee upon an order to show cause why the various holders of these moneys should not be directed to pay them over to the trustee, and the county of San Joaquin, the city of Oakland, and the Security Trust Company each answered, denying the jurisdiction of the referee to make such order, but averring a willingness to pay the money to any person found entitled thereto, if they themselves are protected in such payment against further liability. The matter was heard before the referee upon extended briefs by various claimants, as well as by the holders of the funds, wherein the payment to the trustee was vigorously resisted, on the ground that such payment would afford no protection against suits already pending and suits which were about to be instituted by the various claimants, who had served upon the holders of the funds the notices to withhold the same to satisfy their claims under the mechanic's lien law. The referee ordered the payment, and this order is now before the court for review.

[1, 2] It is a well-established principle that where a third person holds money or property under a claim adverse to the bankrupt, which is not merely colorable, such property or money may not be summarily taken by the bankruptcy court, but the validity of such claim must be determined by a court of plenary jurisdiction. To this principle we must look in passing upon the validity of the referee's order in the present instance. Section 1184 of the Code of Civil Procedure of the state of California provides that: Mechanics, materialmen, laborers, and others specified may at any time give to the owners a notice that they have performed labor or furnished materials or both to the contractor stating in general terms the kind of labor and materials and the amount in value thereof. It further provides that, upon such notice being given in case of property which, for reasons of public policy or otherwise, is not subject to liens, the owner shall withhold from his contractor sufficient money due or to become due to such contractor to

answer such claim and any lien that may be filed therefor, including the reasonable cost of any litigation thereunder.

Upon the giving of the notices mentioned, therefore, it became the duty of the holders of the various funds herein to withhold them from the contractors to answer the claims in such notices mentioned. The Supreme Court of California, in passing upon the effect of such notices, has held that the service of such notice operated as an equitable assignment and entitled the persons serving them to receive so much of the money withheld thereunder as would satisfy their claims, and to recover a personal judgment against the owner therefor. Butler v. Ng Chung, 160 Cal. 435, 117 Pac. 512, Ann. Cas. 1913A, 940.

As these fund holders are thus in danger of being subjected to a personal judgment against them for the amount withheld under the notices given them, it is difficult to see how their claim of right to retain such funds in order to satisfy any such judgment can be held to be merely colorable. On the contrary, it is very substantial. The bankrupts themselves would not be entitled to recover the moneys so withheld from them, and their trustee is in no better position than they would be. In re Grissler, 136 Fed. 754, 69 C. C. A. 406. The only interest the bankrupts had in these moneys was in whatever surplus there might be after the claims covered by the notices had been paid. In such case the court in bankruptcy will not disturb the possession of the holders, who have retained them for their own protection against such claims. In re Horton, 102 Fed. 986, 43 C. C. A. 87.

It is only fair to the referee to say that in the opinion of the court he was misled by the disclaimer on the part of the holders of said funds of any interest therein. But that disclaimer should be read in connection with all their objections, and, so read, means no more than that they are willing to pay to any person entitled to receive the money, if such payment will discharge them from any further liability. The payment to the trustee would not, in my opinion, so discharge them from their liability to a personal judgment in favor of the claimants under the notices to withhold.

My conclusion is that the order of the referee must be reversed; and it is so ordered.