## BADER GOLD MINING CO. v. ORO ELECTRIC CORP.

(Circuit Court of Appeals, Ninth Circuit. August 6, 1917.)

No. 2966.

1. WATERS AND WATER COURSES ☞144—NATURAL WATER COURSES—OWNERSHIP IN WATER.

There is no ownership in water flowing in a natural stream before it is diverted into a ditch, or at least restrained for such diversion by a dam or otherwise.

2. WATERS AND WATER COURSES ☞144—DIVERSION BY DITCH—OWNERSHIP OF WATER DIVERTED.

That a complainant, by diverting water from a stream through a ditch, deprived defendant of water which it had a prior right to take from the stream at a point lower down, does not constitute a defense to a suit to enjoin trespass by defendant by opening the ditch and taking water therefrom without permission, or paying therefor.

3. WATERS AND WATER COURSES ☞144—EASEMENT FOR DITCH—RIGHTS OF SERVIENT OWNER.

That the owner of a ditch having an easement to cross defendant's land was diverting into such ditch more water than it had the right to carry therein gave defendant no right as servient owner of the land to tap the ditch and withdraw the excess therefrom for its own use.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Suit in equity by the Oro Electric Corporation against the Bader Gold Mining Company. Decree for complainant, and defendant appeals. Affirmed.

R. H. Cross and Arthur H. Brandt, both of San Francisco, Cal., for appellant.

Charles P. Eells, Hugh Goodfellow, Stanley Moore, and W. H. Orrick, all of San Francisco, Cal., for appellee.

Before GILBERT and HUNT, Circuit Judges, and DOOLING, District Judge.

DOOLING, District Judge. Oro Electric Company, plaintiff herein, is the owner of a certain ditch in Butte county, known as the "Nickerson Ditch." This ditch crosses the land of defendant, Bader Gold Mining Company, some distance below its intake which is on

Little Butte creek, whence it derives the water which it carries. The water is used for irrigation and for the generation of electricity which is distributed to customers in Oroville and elsewhere. Plaintiff's bill avers its ownership and possession of the ditch, and complains that defendant asserts some claim to a portion thereof, and claims the right to enter thereon and take water therefrom without making compensation therefor, and has repeatedly and without right, and against plaintiff's command forcibly entered upon and opened the ditch, and injured the banks thereof, and taken the water therefrom without making or tendering any compensation therefor. The bill further avers that such claims are without right or foundation, but that defendant threatens to continue to assert them, and to continue to enter upon and interfere with the ditch and take water therefrom without compensation, and will continue to do so unless restrained by the court. The bill then avers the diverse citizenship of the parties, and that the matter in dispute, exclusive of interest and costs, exceeds the sum of $3,000, and prays a decree that the claims of defendant are without right; that it has no estate, right, title, or interest in or to the ditch, and no right to take water therefrom; and that it be enjoined from asserting such claim or interfering with the ditch or taking water therefrom.

That plaintiff has an easement right for the carriage of water through the Nickerson ditch across the lands of defendant is not denied, nor is its ownership of the ditch seriously questioned; but defendant does deny that such ownership confers the right to carry a greater amount of water than was carried by the ditch prior to 1906, at which time defendant claims the ditch was enlarged by plaintiff without right to do so.

The answer admits that defendant asserts a claim to a portion of the ditch, and has taken water therefrom, and will continue to do so. As a second defense the answer avers that, when the Nickerson ditch was enlarged in 1906, plaintiff's predecessors in interest took, by means of the enlarged ditch, from Little Butte creek 500 inches of water, which defendant had theretofore appropriated at a point some 2 miles below the intake of the Nickerson ditch, thus depriving defendant of the use of said 500 inches of water owned by it, and that immediately thereupon the defendant recaptured said water as it flowed through the Nickerson ditch, by opening a gateway therein and letting run therefrom water only sufficient for its use, not to exceed 500 inches; this being, according to defendant's contention, the trespass complained of.

The answer as a third defense alleges that plaintiff is in possession of the Nickerson ditch and is the owner of an easement to maintain the same across the lands of defendant and adjoining property owners, but owns no land across which the ditch runs, and that defendant has at no time used the ditch for a purpose inconsistent with the enjoyment of the easement possessed by plaintiff. For a fourth defense the answer avers that plaintiff's cause of action is barred by certain California Code provisions. A fifth defense avers that plaintiff has been guilty of laches in not bringing its action within a reasonable time. A sixth defense asserts defendant's right to use the

Nickerson ditch to carry the 500 inches of water, and its right to take the water therefrom; such rights having been acquired by adverse use.

A further and separate answer by way of counterclaim asserts defendant's right by prescription to use the Nickerson ditch for the carriage of water from its intake to the point where it has been taking water therefrom, avers that plaintiff claims some interest adverse to such right, and prays that defendant's asserted right be declared valid, and that plaintiff be enjoined from making any claim upon such use of the ditch by defendant.

From a decree awarding plaintiff the relief prayed for, the defendant appeals.

The trial court finds against defendant upon its general denials, and upon its fourth, fifth, and sixth defenses, and upon the separate answer and counterclaim. These findings, although vigorously assailed by defendant, are amply supported by competent evidence, and on well-settled principles cannot be disturbed. The court, however, deeming them immaterial, made no findings on the matters set up in the second and third defenses, which may be briefly characterized as the defense of recapture of water, and the defense of the use of the ditch by defendant for a purpose not inconsistent with the enjoyment of the easement possessed by plaintiff.

[1, 2] The theory of the first of these defenses is that defendant may justify the tapping of plaintiff's ditch and the taking of water therefrom by showing that it is entitled to have certain of the water carried therein flow down Little Butte creek to the point two miles below, where by appropriation it was entitled to divert it by means of another ditch belonging to itself. In other words, the contention is that, because plaintiff has diverted water which defendant would be entitled to divert if and when it reached a point on Little Butte creek two miles below, it may remedy the injury suffered by it from such diversion on the part of plaintiff, by a continued trespass upon plaintiff's ditch; such remedy being analogous to the common-law remedy of recaption of personal property. To extend the right of recaption, so as to make it embrace water running in the ditch of another, is to lose sight of the nature of the remedy and the character of the property to which it is applicable. In the first place to be subject to recaption the property must be the property of the "recaptor," and must also be the identical property taken by another, capable of identification, and not other property however similar. But one has no ownership of water flowing in a natural water course before it is diverted into his ditch, or at least restrained for such diversion by his dam or other diverting means. Parks Co. v. Hoyt, 57 Cal. 46; Duckworth v. Watsonville Co., 150 Cal. 520, 89 Pac. 338.

In the second place the recaption must be such a retaking as transfers the possession at once to the owner, and not a continued action extending over months, and perhaps years, and inviting at every moment a conflict. It must be borne in mind that it is not sought by the present action to recover the water already "recaptured" and reduced to possession by defendant in the past, but to prevent the constant and continued "recapture" which is threatened in the future.

If such an extension of the doctrine of recaption were sanctioned by the courts, it would be an invitation to every individual, who claims that water belonging to him has been taken by another, to invade the other's ditch, for it is not a court remedy for which defendant is contending, but what counsel styles "a self-remedy immediately available." Nor is it material here that plaintiff's ditch crosses defendant's land, because recaption, if available at all, is available wherever the property may be found, so it be not accompanied by a breach of the peace, or by undue force. And indeed it does not appear by any averment in either the complaint or the answer that the trespass complained of here occurred on that portion of plaintiff's ditch which is upon the defendant's land. Furthermore, if defendant's claim of right to recapture were sound, it must follow, as contended for in the defense under consideration, that defendant would be entitled to enforce it in the courts; that is to say it would have the right to come into court and secure a decree compelling plaintiff to deliver to it, at a point on plaintiff's ditch to be selected by itself, the water which it would have been entitled to divert, had such water reached its own point of diversion in the original watercourse. In this way it would, of course, secure, not only the water to which it laid claim, but also the use of plaintiff's ditch for whatever distance it desired the water to be carried therein. Such a doctrine, applied to appropriated-water, which never becomes the property of any appropriator until reduced to possession in his own ditch, was repudiated by the Supreme Court of California in the case of Silver Creek & Panoche Land Co. v. Hayes, 113 Cal. 142, 45 Pac. 191. The plaintiffs in that case owned a canal and sued defendant alleging that they were in possession of the canal, and that defendant without their permission had entered upon the same and taken water therefrom. The water from the canal came from Panoche creek. In a cross-complaint the defendant averred that he owned a large tract of land which it was necessary to irrigate, and that the only waters available were the waters of Panoche creek. It was further averred that the rights of defendant were superior to the rights of plaintiffs therein. The case in all essentials seems to be parallel with the present one. In holding that the facts stated would not justify the acts complained of by plaintiffs, the Supreme Court said:

"If the cross-complaint can be held to state a cause of action which might be the basis of an independent suit, it does not state a cause of action which is the proper subject of cross-complaint in this case. * * * No right of water is asserted, nor was it necessary for plaintiffs in order to make a case to show any. The court so held in giving them the relief demanded, while finding that they had no right to the water in the creek. The trespass charged did not consist in destroying or injuring the dam or other means by which the water was diverted from the creek, nor in diverting the water in the creek to other uses, but was an injury to the embankments of the ditch, and a taking of the water from the ditch itself. Had the alleged trespass consisted in an attempt to prevent the flow into the ditch from the stream possibly the assertion of a right to have the water flow would be considered, but no such defense could be made here. The cause of action set up by plaintiffs and the rights asserted by defendant have no reference to each other. True, there was water in the ditch, and the evidence shows that it came from Panoche creek. But the fact that defendant had a superior right

to the water flowing in the creek would not justify him in destroying the ditch, or in taking what water he needed from the ditch at points were it passed over or near his land."

Defendant urges that the portion of the decision above quoted is mere dictum and entitled to little consideration. But such is not the case. It was one of the reasons upon which the court based its judgment, is no more to be rejected than any other one, and in any event is a clear and correct statement of the law. However vigorously urged and skillfully presented, the defense of "recapture" is unsound, and was properly rejected by the trial court.

[3] Equally unsound, as attempted to be applied here, is the third defense; that is to say, the defense of a use of the ditch by defendant not inconsistent with the easement right of plaintiff across its land. What is sought by this defense is to compel plaintiff, before it can prevent defendant from tapping its ditch and taking water therefrom, to establish definitely the quantity of water which it has an easement to carry in its ditch across the defendant's land, on the theory that all in excess of that quantity may be taken from the ditch by defendant as the owner of the servient estate. In this defense, of course, logically, the question of the ownership of the excess water does not figure. "On what theory" asks defendant's counsel, "can the mere taking by a servient owner out of the conduit through which the owner of the easement exercises his right constitute a violation of the easement, unless the water taken is water which the dominant owner is entitled to carry across the lands of the servient owner?" This means, of course, that the servient owner, finding more water flowing in a ditch across his lands than the owner of the easement is entitled to carry therein, may confiscate the excess water, as an alternative remedy to the ordinary one of preventing the dominant owner from turning such excess into the ditch at all. Defendant is not really attempting to establish here by this defense a right to have its own water flow in the ditch along with that of plaintiff, but a right to take from the ditch, as the servient owner, water already reduced to possession by plaintiff and brought for a considerable distance through a portion of the ditch to which it has no possible claim. As by the defense of recaption, so here, it is endeavoring to substitute for the right which it may have to compel plaintiff to permit the water to which it lays claim to flow uninterruptedly down Little Butte creek to its own point of diversion, a right to have such water delivered to it by plaintiff at such point as it may select where plaintiff's ditch crosses its land.

Nothing in the case of Hoyt v. Hart, 149 Cal. 722, 87 Pac. 569, relied upon by defendant, supports such a substitution. Even if the court had found that defendant had the right to use, jointly with plaintiff, that portion of the ditch which crosses its lands for the carriage of water to which it was entitled, such finding would not justify the acts complained of here. If plaintiff has taken from Little Butte creek water to the flow of which to its own land defendant is entitled, or if plaintiff, by enlarging the ditch, has imposed a greater burden on the servient estate than it should rightfully bear, defendant is not now, nor has it ever been, without remedy. But

such remedy is not the tapping of plaintiff's ditch and the taking of water therefrom, whether such taking be called recaption or consistent use.

These considerations dispose of defendant's contention that the master erred in holding that a prima facie case was established in favor of plaintiff when, from the pleadings and from the admissions of defendant, it appeared that plaintiff was the owner of the ditch in question and that defendant was taking the water therefrom, and would continue to do so unless restrained by the court. The same is true as to the contention that the master erred in sustaining objections to certain questions propounded to the witness McCoy. The testimony sought to be elicited by the questions had to do with the alleged enlargement of the ditch in 1906, and was relevant only to the defenses held to be unsound. As to the alleged error in sustaining objections to the testimony of the witness Newman, it is sufficient to say that such testimony might well have been rejected because of the time at which it was offered, and in any event, even if admitted and given full credit, it could not have affected the finding of the court that defendant's taking of water from the ditch was not open, uninterrupted, and of such a character as to raise a foundation for prescription.

Though there are 55 assignments of error, there is no point made by any of them that is not disposed of by what has been said above.

The decree of the District Court is affirmed.