[Civ. No. 7135.   Fourth Dist.   Mar. 24, 1964.]

H. O. BRAGG ROOFING, INC., et al., Plaintiffs and Respondents, v. FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LONG BEACH, Defendant and Appellant.

Brown & Grisham and Roy J. Brown for Defendant and Appellant.

Mantalica, Barclay & Teegarden, Lind & Schmitz, Fidel Schmitz, Lewis Teegarden and Max Gillam for Plaintiffs and Respondents.

BROWN (Gerald), J.—Independent actions were brought by plaintiffs H.O. Bragg Roofing, Inc. (hereinafter called Bragg Roofing), Consolidated Rock Products Co. (hereinafter called Consolidated) and Rossman Mill and Lumber Co., Ltd., (hereinafter called Rossman) to enforce claims under section 1190.1, subdivision (h) of the Code of Civil Procedure, and mechanic's liens filed and recorded under section 1193 of the Code of Civil Procedure. The cases were consolidated for trial. Judgment was entered against defendant First Federal Savings and Loan Association of Long Beach (hereinafter called First Federal) for damages sustained by plaintiffs. First Federal appeals from this judgment.

*Facts*

In 1959 a builder named Gosselin purchased three adjoining lots, numbered 9, 10 and 11, from Harvey Sims.

The price for each lot was $8,000, of which $4,000 was paid in cash and the remainder was represented by purchase money notes secured by deeds of trust on each lot. Sims' trust deeds were subordinated to deeds of trust held by First Federal to secure construction loans made to Gosselin in the sums of $24,000 on Lot 9, $24,000 on Lot 10, and $25,000 on Lot 11. The loan money was not delivered to Gosselin, but instead was retained by First Federal in three building loan fund accounts to pay for labor and materials used in the construction projects on the lots. The loan agreement provided that First Federal could use all or any part of the unused funds in the account to further the construction of the improvements as it deemed best. All deeds of trust were recorded before construction was started.

The plaintiffs furnished some of the materials needed in the construction. Before completion and contrary to his agreement with First Federal, Gosselin abandoned all work, left the state and has not returned. A substantial amount of work remained to be done upon each dwelling at the time of abandonment. Under section 1193 of the Code of Civil Procedure the plaintiffs filed and recorded valid mechanics liens. These liens were subordinate to the deeds of trust. In addition the plaintiffs timely served First Federal with valid verified statements of claims and notices to withhold as provided in section 1190.1, subdivision (h) of the Code of Civil Procedure. Consolidated and Rossman filed bonds to indemnify First Federal against any losses it might sustain by withholding funds. Bragg Roofing did not file a bond. At that time there were sufficient funds in the loan accounts to satisfy plaintiffs' claims.

Thereafter, First Federal used the funds to complete the construction project. First Federal also used part of the funds to pay itself $3,644.75 for principal and interest arising out of the loans made to Gosselin. Bragg Roofing received a check for $800 as part payment of work performed. Over objection there was introduced into evidence a telephone conversation between Mrs. Bragg of Bragg Roofing and Mrs. Auguston, an employee in the loan department of First Federal, in which Mrs. Auguston advised Mrs. Bragg there were sufficient funds in the building loan accounts to pay the balance of sums owing Bragg Roofing for all materials and labor furnished, and that Bragg Roofing need not worry, since no checks for roofing would be issued except joint checks payable to Gosselin and Bragg Roofing.

When construction was completed on the three lots, two of the loan accounts were exhausted; the third contained a balance of $1,791.50, which First Federal offered to disburse to the deserving parties. The offer was rejected by plaintiffs.

After Gosselin defaulted in his payments due Sims on his purchase money notes, Sims initiated foreclosure proceedings of his second trust deeds.

On these facts the court denied plaintiffs' claims for mechanics liens, but gave judgment favoring plaintiffs and against First Federal, based on the notices to withhold. Bragg Roofing was awarded $1,803, Consolidated $425.15 and Rossman $7,096.33, with interest in each case.

As to Bragg Roofing, the trial court found in substance that it relied on the statements made by First Federal through Mrs. Auguston, did not resort to the remedies available to it which it would have done had the statements not been made, and in consequence First Federal was estopped to deny Bragg Roofing's claim.

### Issues

(1) *Did the filing by the plaintiffs of the notice to withhold create an unqualified right in Rossman and Consolidated to payment of their claims from the loan funds? Yes.*

█ In these cases it is undisputed that there were building loan funds or construction funds within the meaning of section 1190.1, subdivision (h) of the Code of Civil Procedure, against which the notices to withhold could take effect. Such being the case, the section placed upon First Federal the duty to withhold the amounts claimed. (*Rossman Mill & Lumber Co., Ltd.* v. *Fullerton Sav. & Loan Assn.*, 221 Cal.App.2d 705, 708 [34 Cal.Rptr. 644].) █ First Federal could not control disbursements by private agreement with the borrower Gosselin and nullify the purpose and intent of the statute. (*Rossman Mill & Lumber Co., Ltd.* v. *Fullerton Sav. & Loan Assn., supra*, 221 Cal.App.2d 705, 709-710.) In the *Fullerton* case the fundholder incurred liability for failure to withhold funds after being served with a stop notice with bond. The court stated: "The statute is remedial and must be liberally construed to effect its objects and to promote justice. (*Hendrickson* v. *Bertelson*, 1 Cal.2d 430, 432 [35 P.2d 318]; *Fredericksen* v. *Harney*, 199 Cal.App.2d 189, 195 [18 Cal.Rptr. 562].) It is designed to protect mechanics and materialmen who furnish labor and materials that go to enhance the value of the owner's property, an enhancement to

be paid for out of the building fund. That this enhancement in value also increases the security of the lender, must not be overlooked.

"Certainly the spirit and purpose of the statute is violated by an agreement which purports to control disbursements from a building fund by an assignment and agreement solely for protection of the lender, disregarding the rights of mechanics and materialmen."

By ignoring the notices to withhold and disbursing the funds as it saw fit, First Federal incurred personal liability to Rossman and Consolidated. (*Rossman Mill & Lumber Co., Ltd.* v. *Fullerton Sav. & Loan Assn., supra,* 221 Cal. App.2d 705, 711; *Calhoun* v. *Huntington Park First Sav. & Loan Assn.,* 186 Cal.App.2d 451, 460 [9 Cal.Rptr. 479].)

(2) *Is there substantial evidence to support the trial court's finding that Bragg Roofing was assured payment by an agent of First Federal and that Bragg Roofing relied on such to its prejudice, hence First Federal is estopped to deny Bragg Roofing's claim? Yes.*

First Federal contends there was not sufficient evidence to substantiate an estoppel to support Bragg Roofing's claim. The trial court found by implication that Mrs. Auguston was an agent of First Federal with at least ostensible authority, based upon the fact that she was the person to whom all the materialmen invariably were referred when they wanted information regarding the loan funds for the construction projects. Whether evidence substantiates estoppel is a question of fact, not one of law, and should be left to the trier of fact to determine. (*Cruise* v. *City & County of San Francisco,* 101 Cal.App.2d 558, 562 [225 P.2d 988]; *Cardosa* v. *Fireman's Fund Ins. Co.,* 144 Cal.App.2d 279, 282 [300 P.2d 875].) A reviewing court's power in this regard *"begins* and *ends* with a determination as to whether there is any substantial evidence ... which will support the finding of fact." (*Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231].) If there is any reasonable doubt as to the sufficiency of the evidence it should be resolved in favor of the finding. (*Estate of Bristol,* 23 Cal.2d 221, 223-224 [143 P.2d 689].) An examination of the record in this case, recited above, discloses substantial evidence on the issue of estoppel to support the trial court's finding.

(3) *Did the court err in admitting Mrs. Bragg's testimony respecting the statements of Mrs. Auguston, as agent of First Federal? No.*

Since there was evidence that Mrs. Auguston was clothed with authority to act in behalf of First Federal it was not improper to introduce testimony respecting her telephone conversation with Mrs. Bragg. (*Graddon* v. *Knight*, 138 Cal.App.2d 577, 583 [292 P.2d 632] ; Civil Code section 2317.)

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.