## In re UNITED REALTY & HOMEBUILDERS' CORPORATION.

District Court, D. Maryland.    July 20, 1927.

No. 4984.

1. Bankruptcy ⟨⟩258—Bankruptcy court should not administer property burdened with liens, where probable selling price would be insufficient to satisfy liens (Bankruptcy Act [11 USCA]).

A bankruptcy court is not required to administer property burdened with liens, and should only do so when this is for the interest of the general estate, in that there is a fair prospect that property will sell for more than the liens, under Bankruptcy Act (11 USCA).

2. Bankruptcy ⟨⟩258—That bankruptcy trustee might conduct sales of property subject to liens with less expense held not alone to authorize administration in bankruptcy (Bankruptcy Act [11 USCA]).

That trustee in bankruptcy might conduct sales of property burdened with liens with less incidental expense than sale under direction of any other court is not alone sufficient, under Bankruptcy Act (11 USCA), to justify bankruptcy court's taking jurisdiction, if probable selling price is not sufficient to satisfy liens.

3. Courts ⟨⟩91(2)—Circuit Court of Appeals decision is binding on District Courts in circuit for propositions decided.

Decision of Circuit Court of Appeals is binding on District Courts in that circuit, for propositions which it decides.

In Bankruptcy. In the matter of the United Realty & Homebuilders' Corporation, bankrupt. Order in accordance with opinion, with permission to make trustee in bankruptcy a party to the mortgage foreclosure proceedings in the state court.

Michael Miller, and Harry T. Kellman, both of Baltimore, Md., for Bonded Mortgage Co. of Baltimore.

Mason P. Morfit, of Baltimore, Md., for Security Storage & Trust Co.

Malcolm H. Lauchheimer, and Raphael Walter, both of Baltimore, Md., for Trustee.

WILLIAM C. COLEMAN, District Judge. The sole question in this case is whether the holders of first mortgages on improved property, which is a part of the bankrupt estate, shall be permitted to foreclose them in the circuit court of Baltimore county, Maryland, in accordance with the provisions of the mortgages, or whether the bank-

ruptcy court should assume jurisdiction and order the trustees to conduct the sales.

The pertinent facts are simple. The validity of the first mortgages, which aggregate some $40,000, appears not to be seriously questioned; also it appears to be conceded that under no circumstances can unsecured creditors realize anything from the sales, however conducted, because the mortgages exceed the value of the property; and, even assuming that a sum in excess of the mortgages might be realized, there are numerous valid mechanics' and materialmen's liens, so the trustee admits that there will be nothing remaining for unsecured creditors. Nevertheless the trustee contends that it is to the interest of the bankrupt estate that the security be liquidated at a minimum expense and that the property can be sold in the bankruptcy court more expeditiously and with less administrative expense than in any other court, and that, therefore, a sale under order of this court will result in a larger amount being obtained upon the security held by the various secured creditors, thus diminishing the unsecured portion of the claims of the secured creditors; that, in short, such a sale would be to the best interest of the bankrupt estate. Substantially, all of these lien creditors have consented to the sales being conducted in the bankruptcy court.

[1, 2] The first mortgagees on their part contend that a bankruptcy court is never warranted in withholding from a lien creditor the right to pursue his remedies in the state court, unless there is a fair prospect that the property will sell for more than the liens, thereby benefiting unsecured creditors. This latter contention would appear to be sound. A bankruptcy court is not required to administer property burdened with liens, and should only do so when this is for the interest of the general estate. See In re North Star Ice & Coal Co. (D. C.) 252 F. 301, 304, and cases therein cited. Therefore a sale should not be ordered under the Bankruptcy Act (11 USCA), where the probable selling price would not be sufficient to satisfy the liens, because the court will not assume jurisdiction over what it can never administer. On the other hand, if there is justification for the opinion that there will be an equity which will add to the assets of the estate, the court may, and should, order such sale free of liens, even though the recorded incumbrances exceed the probable sale price. See In re National Grain Corporation (C. C. A.) 9 F. (2d) 802. But no such justification appears to exist in the present case, and therefore the

fact that a trustee in bankruptcy might conduct the sales with less incidental expense is immaterial to the real issue.

[3] The trustee appears to rely primarily upon the case of Union Electric Co. v. Hubbard (C. C. A.) 242 F. 249, a decision of the Circuit Court of Appeals for this circuit, and therefore one that is binding upon this court for the propositions which it decides. In that case the following is said, at pages 250 and 251:

"There is no reason why the property of a lien creditor should be unduly burdened with the cost of an administration solely for the benefit of the general creditors, nor will the bankrupt court ordinarily impose that burden on a lien creditor at the instance of a general creditor, where it is manifest that the particular property is worth less than the liens thereon, or that there are no assets in excess of the liens. Where, however, there is any surplus, or any reasonable ground for inferring there may be a surplus or equity in the property, that would inure to the benefit of the general creditors, *or there is any division of agreement among the lien creditors entitled* as to the method or tribunal of administration, it is usually the course of the bankrupt court, in pursuance of its exclusive jurisdiction, to take charge of the liquidation and administration of the assets, because it is impossible under such circumstances for the estate to be properly administered in more than one tribunal."

If the trustee places any special reliance upon the sentence underscored in the above quotation, there being, it is true, in the present case a difference expressed by the mortgage creditors and the other lien creditors as to which court should foreclose the mortgages, it is to be noted that the decisive point of the Union Electric Company Case is nonexistent in the case here presented, namely, a question as to the validity of one of the largest liens. The court said (page 250):

"From the facts set out in the record it appears that the assets of the bankrupt estate exceeded its admitted lien debts by some $64,000. There is a claim of some $80,000 (additional to the sum of $140,000 allowed by the referee) to have a lien on the assets, but this claim was disallowed by the referee. In any event, it appears a very serious question whether this $80,000 be entitled to rank as a lien debt or a debt at all. If its lien be finally disallowed, then there should be a fund of some $60,000 to be administered for the benefit of the unsecured creditors. Such being the case, it would seem that the bank-

rupt estate should be administered by the bankrupt court. Where the admitted and uncontested liens on any part or portion of the bankrupt estate clearly exceed the value of that property, so as that it is manifest that under no circumstances there can be any fund therefrom to be administered for the unsecured creditors, the courts of bankruptcy have exercised the discretion of permitting the lien creditors to realize on their securities in their own way, either by permitting proceedings already commenced in state courts for that purpose to proceed or by permitting the lien creditors to exercise any powers of sale they may have, or to initiate proceedings in any court of competent jurisdiction they prefer, to realize on their security. This has been done upon the theory that, inasmuch as in such cases the property really belongs to the lien creditors, the bankrupt court is not required to burden it with the expense of an administration in bankruptcy, if the lien creditors prefer another method or tribunal for the administration."

So it is submitted that the phrase above referred to is not intended to restrict, in a case such as the present one, the general rule clearly laid down in that part of the opinion last quoted, a rule which, as far as this court has been able to find, has been followed without variation. See In re Grafton Gas & Electric Light Co. (D. C.) 253 F. 668. Note further that, after all, this is a rule discretionary with the court, and not an absolutely inflexible one.

An order will be signed in accordance with the foregoing, including permission to make the trustee in bankruptcy a party to the mortgage foreclosure proceedings in the state court.