## BUSHONG v. THEARD.

Circuit Court of Appeals, Fifth Circuit.
January 28, 1930.

Rehearing Denied March 7, 1930.

No. 5760.

Foster, Circuit Judge, dissenting.

John D. Miller, of New Orleans, La., for appellant.

Delvaille H. Theard and Joseph W. Carroll, both of New Orleans, La. (Joseph W. Carroll, Henry G. McCall, Azzo J. Plough, and Delvaille H. Theard, all of New Orleans, La., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from an order of the District Court for the Eastern District of Lousiana, denying the application of the appellant for the modification of a stay order issued by the District Judge, so as to be allowed to proceed in the state court with a suit instituted by him before bankruptcy against the bankrupts. The stay order restrained the appellant from proceeding with a pending suit against the bankrupts, pending the appointment and qualification of the trustee, and the discharge of the bankrupts. Prior to the institution of the bankruptcies, the appellant, Bushong, had instituted in the civil district court, in the Parish of Orleans, a suit on notes secured by a mortgage on lands and for the recovery of money advanced by him for the payment of taxes on the lands, and for which he claimed subrogation. The suit had been pending for some time, when the petitions in bankruptcy were filed. Dilatory pleadings had been filed by the defendants, no answers had been filed, but the case had been set down for trial and on the eve of the trial the voluntary bankruptcy cases were filed by the bankrupts, and the stay order secured. The appellee has now qualified as trustee. The appellant later filed the application to modify the stay order, which was denied by the District Court, and from the order denying which this appeal was taken.

The suit in the civil district court was a mortgage foreclosure of the type called "via ordinaria" under the Civil Code of Louisiana, and the cause of action arose out of these facts: Appellant was the owner of a large amount of waste land fit for trapping only. On March 10, 1919, appellant sold 136,474 acres of it to William J. Castell, who is now dead, for $400,000, of which $15,000 was paid in cash, and for the balance a special mortgage and vendor's privilege was reserved upon the lands conveyed. Thereafter Castell organized a corporation, called the Castell Land & Harbor Company, one of the bankrupts, and to it conveyed all the lands he then owned, the corporation assuming the mortgage indebtedness. Thereafter the Castell Land & Harbor Company conveyed to the Castel Company, Inc., the other bankrupt, about 100,000 acres of the tract conveyed to it by Castell, the Castell Company, Inc., assuming the mortgage indebtedness, to appellant. The bankrupts failed to pay enough to appellant to prevent default, and on March 13, 1929, the appellant filed in the civil district court the suit, which was stayed upon the institution of the two bankruptcies. Appellant claims there was due him at the time the suit was filed $346,945.-41, with interest on his mortgage and vendor's privilege, and the sum of $38,128.24 advanced by him to pay taxes, together with attorney's fees; that the total indebtedness then amounted to $667,956 and now amounts to more than $680,000. In addition, the Castell Company, Inc., issued second mortgage bonds secured by the 100,000 acres conveyed to it, of which there were outstanding an amount, with interest, in excess of $438,000. The total indebtedness, secured by liens and privileges upon the lands in question amounted to $1,120,000. The affidavits of Webb and Harrison valued the lands at $5 an acre. The foreclosure suit was filed as a lis pendens in Terrebonne parish, where the lands were situated. Trial of that suit was set for July 1, 1929, and the voluntary petitions, which have been consolidated, were filed June 27, 1929.

The question presented for our decision is whether the suit instituted by the appellant in the civil district court of the parish of Orleans should have been stayed by an order in the bankruptcy proceedings. The stay order complained of was made by the District Judge under authority of section 11a of the Bankruptcy Act (11 USCA § 29). This section limits stay orders to suits which are founded upon a claim from which a discharge in bankruptcy would be a release.

The mortgage and vendor's lien did not constitute a claim against which a discharge in bankruptcy would be a release. The lien was valid and recognizable by the bankrupt court. Under general jurisprudence, the appellant had the right to proceed in the suit in the state court to a judgment declaring his lien to be valid and enforcing it, as his lien was valid and a suit foreclosing it was pending at the time of bankruptcy. In re Gillette Realty Co. (C. C. A.) 15 F.(2d) 193; Griffin v. Lenhart (C. C. A.) 266 F. 671.

The appellee contends that this is not the rule in the state of Louisiana, as to the type of suit, known by the Civil Code as "via ordinaria"; that such a suit is personal, and not real, and not a proceeding in rem; that, there being no seizure of the mortgaged property until a judgment enforcing the lien has been obtained, there is no possession of the res by the state court until then. This seems to be the holding of the Louisiana courts as to the character of a suit "via ordinaria" to foreclose a mortgage lien or vendor's privilege, though the case of Rogers v. Binyon, 124 La. 95, 49 So. 991, seems to classify it as a proceeding in rem. In the proceeding known as "via executiva" there is a seizure at the inception of the proceeding, which places the res in the possession of the state court from the start.

The appellee relies upon the case of Roger v. J. B. Levert Co., 237 F. 737, decided by this court, as conclusive of this case. That case followed the Louisiana courts in their interpretation of a "via ordinaria" suit. However, in that case this court said: "It is well settled that, under the Constitution and laws of the United States, bankruptcy courts are vested with superior and exclusive jurisdiction in the administration of the estate of the bankrupt. Section 11 of the Bankruptcy Act (11 USCA § 29) gives authority to the bankruptcy court to stay proceedings in actions against the bankrupt in other courts. Any property surrendered by the bankrupt, which could or should be released from such administration can only be property in which by reason of conceded and absorbing liens and privileges the trustees in bankruptcy have no equity." The court, after stating that the record showed a very decided equity in favor of the bankrupt estate, further said: "It follows that the order complained of cannot be sustained on the ground of comity nor on the facts of the case as to the want of equity on the part of the trustee." The court in effect said that in a case where the trustee in bankruptcy

failed to show an equity in the bankrupt estate he was not entitled to a stay order under section 11 or to draw the administration of the estate to the bankrupt court. In re Watts (D. C.) 19 F.(2d) 526; In re Hagin (D. C.) 21 F.(2d) 434; In re United States Realty & Homebuilding Corp. (D. C.) 27 F. (2d) 138.

 In order for the bankrupt court to draw to itself the administration of mortgaged property, as to which at the time of bankruptcy a foreclosure suit was pending, or to secure an order staying such a pending suit, it is necessary for the trustee to establish (1) that the mortgaged property was in possession of the bankrupt at the time of the filing of the petition, and not in the possession of the state court, in which the foreclosure suit was pending; and (2) that there was an equity in the mortgaged property for the bankrupt estate. Conceding that in Louisiana, a "via ordinaria" suit is not a proceeding in rem, and that possession of the res does not vest until judgment and a seizure following judgment, we think it is nevertheless necessary, even in such a suit in Louisiana, in order to secure a stay order against a pending suit to foreclose a valid mortgage lien, or to administer mortgaged property, the subject-matter of such a pending suit, that the trustee show that there was an equity in the mortgaged property for the bankrupt estate. Otherwise it has no interest to subserve in staying the foreclosure or administering mortgaged property, in which the common creditors cannot share.

We think the record in this case fails to show any such equity. The mortgage and lien indebtedness was substantially in excess of the value of the lands, as they were fixed by the affidavits of Webb and Harrison, and this is the only evidence of their value in the record. There was a suggestion of counsel on oral argument of a larger appraisal value in the bankrupt proceedings, but this was conceded not to be shown by the record.

Being of the opinion that the appellee in order to sustain the stay order was required to show an equity in the mortgaged property for the bankrupt estate and that he has failed to do so, the record affirmatively showing that there was no equity to the unsecured creditors over the first and second mortgage liens and the tax lien, we think the stay order should be set aside to the extent that appellant be permitted to proceed with his foreclosure suit in the civil district court to judgment against the property upon which the liens exist, and to enforce such judg-

ment, if and when obtained, against such property, as he may be advised, and that the trustee in bankruptcy, if there is no equity for the unsecured creditors in the mortgaged property, should upon application of appellant, surrender to the civil district court the mortgaged property, to be there administered by it in the foreclosure suit, and it is so ordered.

Reversed.

FOSTER, Circuit Judge, dissents.