## In re COLLINS.
### No. 18851.

District Court, W. D. Pennsylvania.
Aug. 31, 1934.

Watson B. Adair, of Pittsburgh, Pa., referee.

M. D. Wedner, of Pittsburgh, Pa., and Craig & Rowley, of Aliquippa, Pa., for bankrupt.

Alter, Wright & Barron, of Pittsburgh, Pa., for F. W. Woolworth Co.

GIBSON, District Judge.

The debtor, Margaret Laughridge Collins, has filed a petition under section 74, recently added to the Bankruptcy Act (11 USCA § 202). In it she has set forth the averments required by the act. After said petition was filed, she prayed the court for an injunction to restrain the F. W. Woolworth Company from proceeding in the court of common pleas of Beaver county, Pa., with a levy upon her real estate. The writ of fieri facias was issued more than six months prior to the debtor's petition in this court, and was based upon judgment on a bond given in conjunction with the mortgage upon the real estate in question. Notice was given to the plaintiff in the execution, which appeared by counsel and opposed the issuance of the restraining order on the ground that the court had no jurisdiction, in view of the admitted fact that the lien had been obtained and the execution had issued more than four months before the inception of the debtor's petition.

No doubt can exist as to the force of this contention prior to the amendment of subdivision (m) of section 74 of the Bankruptcy Act by the Act of June 7, 1934, § 2 (11 USCA § 202(m). Straton v. New, 283 U. S. 318, 326, 51 S. Ct. 465, 75 L. Ed. 1060. The relevant portion of subdivision (m) of section 74, as amended (11 USCA § 202(m), is as follows: "(m) The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed, and this shall include property of the debtor in the possession of a trustee under a trust deed or a mortgage, or a receiver, custodian or other officer of any court in a pending cause, irrespective of the date of appointment of such receiver or other officer, or the date of the institution of such proceedings: Provided, That it shall not affect any proceeding in any court in which a final decree has been entered."

In our opinion, the amendment of June 7, 1934, does not confer jurisdiction in the instant case. The property had been seized under the process of the state court, and was out of the constructive possession of the debtor. See In re Parmenter (C. C. A.) 70 F.(2d) 929, 935; In re Hillmert (C. C. A.) 71 F.(2d) 411, 413.

Upon hearing, evidence as to the value of the debtor's real estate was introduced. It established the fact that the value of the property was just about equal to the amount of the judgment upon which execution had been issued.

The motion for injunction will be denied.