244

**In re CORNELL et al.**

No. 22294.

District Court, W. D. New York.
March 4, 1935.

Edward A. Mulligan, of Belmont, N. Y., for petitioner.

Dickson & Dickson, of Wellsville, N. Y., for creditor.

KNIGHT, District Judge.

This is a motion to restrain Thomas Kane from taking further proceedings to remove the bankrupts from the farm now occupied by them.

In 1915, the bankrupt, Robert O. Cornell, entered into an agreement to purchase the farm from the above-named creditor for the sum of $8,000. In 1934 this contract was modified, the bankrupt agreeing to pay $5,000 on or before the 1st day of October, 1934. It was further agreed that if the purchase price was not paid on or before that date, that the contract of April 1, 1915, should become null and void, the vendor having the right to retain all payments made by the vendee, the balance of the moneys specified in that contract becoming due and payable, and the relation of vendor and vendee becoming that of landlord and tenant, the tenant to be considered as holding over without permission and subject to removal for nonpayment of rent. No payment was made on the contract on or before October 1, 1934, but on September 28, 1934, the bankrupts herein filed a petition for relief under section 75 of the Bankruptcy Act (11 USCA § 203).

The proceedings were referred to a conciliation commissioner and the bankrupts requested an extension of time for payment of their debts. No agreement for such extension was effected, and on December 19, 1934, the petitioners amended their petition and asked to be adjudicated bankrupts. Prior to that date the creditor had instituted proceedings in the county court of the county of Allegany to dispossess the petitioners of the premises. On the 21st day of December, 1934, a final order of dispossession was entered, and, pursuant to the said order, the sheriff of the county of Allegany took possession of the premises. The petitioners appeared in the dispossession proceedings and objected to the continuance thereof on the ground that bankruptcy proceedings were then pending, but entered no answer and made no proof of the pendency of the bankruptcy proceedings.

Petitioner requests that proceedings on the final order be stayed for the time prescribed in section 11 (a) of the Bankruptcy Act (11 USCA § 29 (a), which provides that "A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the peti-

tion; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined." This provision is intended to protect a bankrupt from the entry against him of judgments in personam. It does not affect judgments which are against property only. The affidavit of petitioner fails to disclose that the proceeding by the creditor requests any judgment other than that he be entitled to possession of the land in question. A discharge cannot release a debtor from the surrender of property held under a lien. In no event is the bankrupt entitled to relief under section 11 (a), of the Bankruptcy Act, nor for the period specified therein.

It is evident that, if any relief is to be granted, it must be granted under section 75 of the Bankruptcy Act, and for such time as may be allowed thereunder. Subsection (o) of section 75 of the Act (11 USCA § 203 (o) provides that except upon petition made to and granted by the judge, after hearing and report by the conciliation commissioner, proceedings for recovery of possession of land shall not be instituted at any time after the filing of a petition and prior to the confirmation or other disposition of the composition or extension proceedings by the court. In Re Kalina, 26 A. B. R. (N. S.) 634, proceedings were enjoined prior to the confirmation or other disposition of the composition or extension proposal because the permission of the court had not been obtained. In Re Rank, 26 A. B. R. (N. S.) 637, similar action was taken where no disposition of the composition or extension proposal had been made, although the debtor had filed an amendment to his petition requesting adjudication as a bankrupt. The present question is somewhat different, because the proceeding to recover possession of the property was instituted prior to the disposition of the extension proposal, but the motion to restrain is made after the extension proposal has been disposed of through the adjudication in bankruptcy. Under the mandatory language of the section, the creditor was not entitled to commence his action prior to the disposition of the extension proceedings. Although, after October 1, 1934, the petitioners became tenants holding over without permission, any action taken by the landlord to remove them constituted an action to recover possession of land, and the permission of the court was requisite to the bringing of such action.

In re Cope (D. C.) 8 F. Supp. 778, on rehearing (D. C.) 8 F. Supp. 961, held that subsection (o) of section 75 is self-executing, and that the parties to proceedings to recover possession of land, and all others, are charged with knowledge thereof, and that violation thereof would subject them to contempt proceedings. This case is not like In re Smith, 26 A. B. R. (N. S.) 541, in which the judgment of the state court was rendered prior to the filing of the petition, or In re Collins (D. C.) 8 F. Supp. 1022, where execution was issued and levied prior to the filing of the petition and the property was never within the jurisdiction of the bankruptcy court.

An order may enter restraining further proceedings on the above-mentioned order of dispossession.