**BEELER et al. v. SCHUMACHER, Sheriff.**

**No. 7217.**

Circuit Court of Appeals, Sixth Circuit.

Jan. 10, 1936.

716

Henry B. Street and Province M. Pogue, both of Cincinnati, Ohio (Brandon R. Millikin, of Hamilton, Ohio, Robert H. French, of Cincinnati, Ohio, Williams, Sohngen, Fitton & Pierce, of Hamilton, Ohio, and Harmon, Colston, Goldsmith & Hoadly, Pogue, Hoffheimer & Pogue, and Maxwell & Ramsey, all of Cincinnati, Ohio, on the brief), for appellants.

Coleman Avery, of Cincinnati, Ohio (Paul A. Baden, of Hamilton, Ohio, and Peck, Shaffer & Williams, of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

On the former appeal of this cause the order dismissing the petition was reversed and the cause remanded, with instructions to the court to hear the controversy upon its merits, make appropriate findings of fact and conclusions of law, and enter such decrees, interlocutory. or final, as equity might require (C.C.A.) 71 F.(2d) 831, 834; 293 U.S. 367, 377, 55 S.Ct. 230, 79 L.Ed. 433. After remand the court issued an order enjoining the appellee, until further orders of the court, from selling or attempting to sell the property in controversy, but later, on motion of appellee, entered an order setting aside the temporary injunction, from which order this is an appeal.

▉ Certified copies of the pleadings, judgment, orders, and proceedings in the state court case were offered in evidence on the hearing of the motion to set aside the injunction. It does not appear that the court considered this evidence, which presented a question as to whether certain items of equipment set forth in the petition were personal property or were fixtures and therefore part of the real estate, and subsidiarily, whether, if real estate, they had been brought into the custody of the state court under writs of execution and orders of sale issued from the state court. It is admitted that the levies of the writs, with the orders of sale, brought such part of the property as was personalty into the custody of the state court, but there is a controversy as to whether they had a like effect upon the realty. If the property was in the custody of the state court, it was the duty of the District Court, under Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L. Ed. 1060, to dissolve the injunction and not interfere with the state court's control of it. If, however, it was not in the custody of the state court, its custody passed to the District Court upon the filing of the petition in bankruptcy, and it was the duty of the District Court to protect its jurisdiction by enjoining the threatened sale. The jurisdiction and power of the court to proceed in the case depended, therefore, upon findings as to whether the property was personalty or realty, and, if the latter, whether the issuance and levy of the writs of execution effected a valid lien upon the property, to enforce which a proceeding was pending in the state court. A preliminary determination of these questions, subject to change and modification on final hearing, was necessary to the disposition of the motion to dissolve the temporary injunction. The court, however, neither made findings of fact nor stated any conclusions of law other than in its opinion the case was controlled by Straton v. New, supra. That case involved a consideration of a state court judgment against the bankrupt and a state court proceeding to enforce the judgment. The court held that by virtue of the state court proceedings there was no jurisdiction in the federal court to enjoin the sale of the real estate. There was no question there as to whether the property was real estate or personalty, nor as to whether the lien claimed under the state proceeding was valid. We cannot treat the statement of the trial court that this case is controlled by Straton v. New as an expression of the court's view of the character of the property here in contro-

versy or the effect of the judgment and proceedings in the state court with respect to its custody. It was the duty of the court, as we have said, to make findings on these questions upon which its jurisdiction depended. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 432, 44 S.Ct. 396, 68 L.Ed. 770. If there was not sufficient evidence in the record to make the findings, then it was the duty of the court, we think, in view of the danger of the sale of the property by the sheriff, to keep the injunction in force pending a final hearing. Because of the failure to do this, the cause is remanded, with direction to reinstate the injunction pending a final hearing and on such hearing to make findings of law and fact upon which the power of the court might or might not rest to issue a permanent injunction.

In making allowances of fees to the trustee and his counsel for carrying on this litigation, the court will, we are sure, conserve the interest of the creditors of the bankrupt so far as possible by taking into consideration the extraordinary expenses already incurred in the litigation. The intervening petitions of the mortgagees were rightly dismissed. The trustee will be given judgment against the interveners for his costs incurred on account of their appeals.