WALTERS *et al. v.* FRANK *et al.*

(*Jackson*, April Term, 1937.)

Opinion filed July 3, 1937.

JOSEPH MARTIN and MANIER & CROUCH, all of Nashville, for complainants.

S. BRUCE JONES, of Bristol, and CORNELIUS, McKINNEY & GILBERT, of Nashville, for petitioner Stuart Carter.

W. P. COOPER, of Nashville, for Standard Acc. Ins. Co.

MR. JUSTICE COOK delivered the opinion of the Court.

This, a general creditor's bill, was filed October 26, 1936, to enforce liens for material and labor used on state highway construction. The defendants are G. M. Frank, the contractor, Standard Accident Insurance Company, a surety on the contractor's bond, the State Commissioner of Highways, and other lien creditors.

It was shown by the answer of the State Highway Commissioner that claims amounting to $11,565.70 had been filed with the department, and the commissioner set forth the names, the address of the claimants, and the amount due each, in his answer to the bill. It was also

shown by the answer that a final settlement had not been made with the contractor and that $8,094.23 retainage was held by the department to cover unpaid claims for labor and material. The amount of retainage was tendered with the answer and subsequently paid into court by the Commissioner of Highways as provided by statute.

The Standard Accident Insurance Company, surety on Frank's bond, made in conformity with Code, section 3218, set forth that it completed the contract after abandonment by Frank and upon Frank's assignment of all rights under his contract with the state. Relying upon the assignment and its contract with Frank, the surety claimed title to the retainage subject to claims of creditors with liens.

On October 7, 1936, Frank filed a voluntary petition in bankruptcy in the United States District Court of the Western District of Virginia and on the 12th of October was adjudged bankrupt, and Stuart Carter was appointed trustee in bankruptcy. The trustee in bankruptcy claimed title to the retainage and on April 30, 1937, filed a petition to enforce the claim.

At a hearing before the chancellor upon the pleadings and agreed facts, the petition of the trustee in bankruptcy was dismissed. He appealed and insists that the chancellor erred because when the petition in bankruptcy was filed exclusive jurisdiction over the bankrupt' estate passed to the bankruptcy court, and when Frank was adjudicated a bankrupt his estate passed to the trustee by force of law. The adjudication in bankruptcy preceded the general creditor's bill a few days.

There is no suggestion of bad faith in connection with the proceeding by local creditors of the bankrupt,

or of a purpose to interfere with the jurisdiction of the bankruptcy court. At the time of the adjudication in bankruptcy the retainage under Frank's highway contract was in the custody of the State Highway Department, being held there for final settlement with the contractor and distribution to laborers and furnishers of supplies. The claims of laborers and furnishers constitute a lien on the retainage and exceed the fund retained to meet the claims by near $3,000.

As stated, Frank, upon abandonment of his contract and the assumption of his contractual obligation by his surety, assigned his rights under the contract to the surety. The assignment was assented to by the Highway Department and recorded in the register's office.

The question presented by the assignments of error is whether the retainage, insufficient to meet the claims of the lien claimants, passed to the trustee in bankruptcy and should be surrendered to the jurisdiction of the bankruptcy court for adjustment of the claims and distribution to the lien claimants.

By subsection (a), section 70, of the Bankruptcy Act, as amended, U. S. Code, title 11, section 110(a), 11 U. S. C. A., sec. 110(a), the trustee in bankruptcy succeeded to the bankrupt's estate and became vested with title to all property of the bankrupt, including property which prior to the petition in bankruptcy the bankrupt could by any means have transferred and property which might have been sold under judicial process. 7 C. J., p. 114, sec. 187. The retainage in the hands of the State Commissioner of Highways was reserved by statute for the benefit of unsatisfied laborers and furnishers of material on state highways, including the project for which

Frank was under contract. It was in the custody of the state and by statute was to remain in the state's custody until Frank's debts contracted on behalf of the state in the construction of the highway were satisfied. It appears from the face of this record that the unsatisfied lien claims greatly exceed the fund which by statute the Commissioner of Highways was required to hold for the satisfaction of such debts.

When Frank abandoned his contract with the state April 7, 1936, the surety took over the contract and completed it, and at the same time Frank made the assignment to the surety of all funds due under the contract. Subsequent payments for work on the contract were made to the surety, less the retainage, the amount of which, upon completion of the contract by the surety, amounted to $8,094.23, being the amount withheld as required by Code, section 3222, and the amount paid into the chancery court in this cause, as provided by Code, section 3222(c), for distribution to lien creditors with claims aggregating $11,565.70.

Under the Tennessee statutes referred to, and Frank's assignment to the Standard Accident Insurance Company, surety on his contractor's bond as required by Code, section 3218, Frank had no interest in the retainage held by the state to satisfy claims for labor and material used on the contract. The retainage under control of the State Highway Department was not a debt due Frank. It was not such property as would pass to the trustee and it is not subject to the jurisdiction of the bankruptcy court.

State courts may properly exercise jurisdiction over controversies involving title to the bankrupt's prop-

erty. It is common practice for trustees in bankruptcy to sue in the state courts to set aside alleged fraudulent conveyances, or to recover property of a bankrupt from those who withhold it under claim of title, but the validity or priority of lien claims filed with the Department of Highways and set forth in the answer of the commissioner are not open to inquiry under the facts presented by this appeal.

Affirmed and remanded.