364

DANNEL v. WILSON–WEESNER–WIL
KINSON CO. et al.
No. 8071.

Circuit Court of Appeals, Sixth Circuit.
Feb. 7, 1940.

Wilbur W. Piper, of Knoxville, Tenn.
(J. Alvin Johnson and Wilbur W. Piper,
both of Knoxville, Tenn., on the brief), for
appellant.

Chas. C. Moore, of Chattanooga, Tenn.,
and J. Roy Hickerson, of Winchester,
Tenn. (Chas. C. Moore, of Chattanooga,

Tenn., W. P. Cooper, of Nashville, Tenn., J. Roy Hickerson, of Winchester, Tenn., and J. Tyree Fain, Thomas H. Malone, and William J. Wade, all of Nashville, Tenn., on the brief), for appellees.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

The appeal is from an order of the court below sitting in bankruptcy, overruling recommendation of the referee upon the trustee's petitions to enjoin the prosecution of a suit in the State Court and vacating a summary order previously entered directing the clerk and master of the State Court to turn over to the trustee funds claimed to belong to the bankrupt's estate. The essential controversy is whether liens of materialmen upon retained percentage in the hands of a state officer upon a public contract are to be adjudicated in the courts of Tennessee or in the Bankruptcy Court upon an adjudication subsequent to the assertion of the liens and the beginning of suits for their foreclosure.

Prior to September, 1932, Fisher, the bankrupt, had completed the building of a road under contract with the Highway Department of Tennessee. Pursuant to the Tennessee Code, Section 3221, the Highway Commissioner retained in his possession $10,518, and advertised that lien claims against the fund be filed on or before September 2nd. Claims were filed, one of the lien claimants subsequently bringing suit for foreclosure in the Chancery Court of Polk County, and others filing bills of foreclosure in the Chancery Court of Davidson County.

Tennessee Code, Section 3222, provides that upon suit being brought, the Highway Commissioner shall file a petition in the nature of an interpleader, and pay into court a sum sufficient to satisfy the claim, that when this is done the suit shall be dismissed as to him, the sum standing in lieu and as a satisfaction of the contractor's bond and a fulfillment of the duties of the Department of Highways to the claimant, and that upon final determination in favor of the claimant, the court may order the clerk to pay the deposited sum to the parties entitled thereto under its decree or judgment. Construing this statute, the Supreme Court of Tennessee, in the case of Walters v. Frank, 171 Tenn. 599, 106 S.W.2d 857, has held that the retainage in the hands of the Commissioner is re-

served by statute for the benefit of unsatisfied laborers and furnishers of materials on state highways, and is in the custody of the state, there to remain until the debts of the contractor on behalf of the state in the construction of highways are satisfied.

On February 7, 1933, subsequent to the filing of the foreclosure suits, but before the payment of the retained percentage into court, Fisher was adjudicated a bankrupt, and in March the referee entered a summary turnover order directing the Highway Commissioner to pay the retained fund to the trustee. At the instance of the trustee the Polk County suit was dismissed, but a similar application to the Davidson County Court was denied. A supplemental bill therein sought to enjoin the Commissioner from paying the fund to the trustee, in answer to which the Commissioner filed a bill of interpleader making the trustee and lien claimants defendants, and on May 26, 1933, paid the money to the clerk and master of the Chancery Court.

The trustee petitioned the District Court to restrain the interpleader action, and for an order to the clerk of the County Court to show cause why the funds should not be turned over to him. Three days later, however, the trustee filed an intervening petition in the interpleader suit. A decree followed which sustained the interpleader, and from it the trustee did not appeal, but filed a supplemental petition in the District Court urging its paramount and exclusive jurisdiction over the fund. An ex parte turnover order was entered but the clerk promptly asked to have it vacated because made without notice and in conflict with the decree of the Chancery Court from which no appeal had been taken. Responding to a show cause order, the clerk relied upon the grounds set up in his petition to vacate, and upon the added reasons that the District Court was without jurisdiction in a summary proceeding to command surrender of the fund, a plenary suit being necessary, and that the decision of the State Court had now become final binding the trustee. Futile efforts at settlement followed and three years later the District Court vacated the turnover order and dismissed the trustee's petitions.

Error is based upon the broad principle that an adjudication in bankruptcy vests all the property of the bankrupt in the trustee as of the date of the petition, the filing of which gives the Bankruptcy

Court jurisdiction that is paramount and exclusive, with possession and control of the estate not affected by proceedings in other courts. The principle may at once be conceded as sound and of general application. It applies, however, but to the property of the bankrupt. The only interest the bankrupt had in the money retained by the Highway Commissioner was the right to any surplus that might remain after the claims of lien holders were paid. In re Cotton, D.C.Cal., 209 F. 124; In re Grissler, 2 Cir., 136 F. 754; In re Horton, 8 Cir., 102 F. 986; Duplan Silk Co. v. Spencer, 3 Cir., 115 F. 689. Until it had been determined that there was a surplus belonging to the bankrupt, the fund retained by the Commissioner was, under Tennessee law, the property of the state and in its custody, Walters v. Frank, supra. The appellant does not here contend that there will be a surplus—it is the mere right to administer the fund that appears to be in issue.

 Even if this right may be sustained, it is doubtful that the fund could have been reduced to possession by the trustee in a summary proceeding. The contention that the clerk and master did not hold it adversely to the trustee because he claimed no personal interest in it and was a mere stake holder, is not persuasive. He retained the fund under authority of the statutes of Tennessee and the decree of the Chancery Court for such parties as would be found entitled to it, among which were parties claiming adversely to the trustee. We have held that where a fund is in the possession of a legal custodian for claimants who are asserting rights adverse to those of the trustee in bankruptcy, and they, in accordance with law, invoke the aid of a proper State Court to perfect and enforce their liens, that they are adverse claimants. In re Farrell, 6 Cir., 201 F. 338; In re Rohrer, 6 Cir., 177 F. 381.

But aside from these considerations we must sustain the order below upon the broader ground that the filing of the petitions to foreclose the liens in the Davidson County Court before the adjudication in bankruptcy gave that court prior constructive jurisdiction of the res and, therefore, the exclusive power to settle controversies concerning it without being subjected to a stay of such proceedings by the Bankruptcy Court. Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; In re Greenlie-Halliday Co., 2 Cir., 57 F.2d

173; Bryan v. Speakman, 5 Cir., 53 F.2d 463; In re Maier Brewing Co., Inc., 9 Cir., 65 F.2d 673 (opinion by Judge Mack some time of this court). The Chancery Court had jurisdiction of the Commissioner and so constructively of the fund which the statute required him to pay into court.

The contention that the District Court was without power to set aside its earlier turnover order because of the lapse of time and the expiration of several terms of court, is wholly without merit since it is now universally accepted doctrine that a Bankruptcy Court is always open without regard to terms. In re Cadillac Brewing Co., 6 Cir., 102 F.2d 369.

The decree and order below is affirmed.