## MUFFLER et al. v. PETTICREW REAL ESTATE CO.

### No. 9264.

Circuit Court of Appeals, Sixth Circuit.

Dec. 1, 1942.

As Amended on Denial of Rehearing Feb. 4, 1943.

480

Roscoe C. Lorentz, of Springfield, Ohio (Roscoe C. Lorentz and George W. Tehan, both of Springfield, Ohio, on the brief), for appellants.

Sidney G. Kusworm, of Dayton, Ohio (Kusworm & Kusworm, of Dayton, Ohio, on the brief), for appellee.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

This case presents a problem of conflicting jurisdiction between a state court and the federal court. It arises out of the denial by the federal court of a motion to vacate an adjudication of bankruptcy, to set aside an order of reference, to dismiss the bankrupt's petition, and to dissolve a restraining order theretofore issued enjoining proceedings in the state court. The state court receiver and two mortgagees who were parties to the state court proceedings join in the appeal.

The following facts are conceded:

Prior to March 5, 1933, appellee was a corporation doing a general real estate business in the city of Springfield, Ohio. The appellants, the Merchants and Mechanics Federal Savings & Loan Association and the Springfield Federal Savings & Loan Association, held mortgages upon all but one of some eighty parcels of real property then owned by appellee. Upon that date a receivership proceeding was instituted in the state court and on March 8, 1933, a receiver was appointed, who took possession of the assets of the corporation, including the real estate. On February 16, 1938, the receiver filed a petition in the state court, praying that liens be marshaled, that the mortgaged real estate be sold, and for other equitable relief. No deficiency judgment was asked. Thereafter, in March, 1939, appellee filed a petition in the federal court under the Chandler Act, praying for corporate reorganization. In these proceedings the assets of the corporation were removed from the custody of the state court receiver and placed in the custody of a trustee appointed by the federal court.

The case was referred to a special master who found that the corporation was hopelessly insolvent; that its mortgage indebtedness substantially exceeded its assets, and recommended dismissal of the petition on the ground that it had not been filed in good faith. The District Court adopted the findings of fact and conclusions of law of the special master, confirmed the special master's report, dismissed the petition for reorganization, and ordered the trustee to surrender custody

and possession of the assets, except for certain moneys and deposits in bank which are not herein involved, to the state court receiver "under and subject to all the orders of the Court of Common Pleas of Clark County, Ohio, heretofore entered and made respecting the same."

The case proceeded in the state court upon the petition to sell the real estate filed by the receiver February 16, 1938. Other parties were added and full proof was taken on various issues. On March 16, 1942, the state court entered an order granting the prayer of the petition. It held the mortgages to be valid liens duly recorded under Ohio law, and held that each of the mortgagees was entitled to foreclosure at and prior to May 8, 1933, the date of the appointment of the state court receiver. The state court found that the corporation was insolvent; that the real estate asked to be sold constitutes practically all the assets of the corporation, and ordered appraisement, advertisement and sale of the real property in accordance with the petition unless the obligations were paid within ten days. Before the property was appraised or advertised (upon April 16, 1942) the appellee corporation filed the instant proceeding in the federal court, praying to be adjudicated bankrupt. An order of adjudication was made and a restraining order was entered staying all acts and proceedings to enforce any lien upon any property of the bankrupt and the continuation of any suit or proceeding against it until further order of the court. The appellants moved for an order dissolving the restraining order, vacating the adjudication of bankruptcy and the order of reference and dismissing the petition. The appeal is prosecuted from the denial of this motion.

■ ■ Under the circumstances described, there was plainly no error in the refusal to vacate the adjudication and order of reference and to dismiss the bankrupt's petition. The bankrupt was not deprived of the right to file its petition merely because its property was in the custody of the state court receiver. Struthers Furnace Co. v. Grant, 6 Cir., 30 F.2d 576. The District Court had exclusive jurisdiction of the petition for discharge under the Bankruptcy Act and could not be deprived of that jurisdiction by the prior pendency of proceedings in any other court. McKesson & Robbins, Inc. v. Morris Travis Drug Co., 6 Cir., 106 F.2d 681, 683.

A closer question is presented by the denial of the motion to vacate the stay of proceedings in the state court. It was held in Bushong v. Theard, 5 Cir., 37 F.2d 690, certiorari denied 281 U.S. 763, 50 S. Ct. 461, 74 L.Ed. 1171, that the trustee on application for a similar stay order must show that the bankrupt estate has an equity in the mortgaged property. Cf. Hoehn v. McIntosh, 6 Cir., 110 F.2d 199. The special master in fact found in May, 1941, that the mortgage debts here greatly exceed the assets.

■ However, we think another feature of the case decisive. Since the liens matured more than four months before the present bankruptcy proceedings, and the action to enforce the liens in the state court antedated the filing of the bankruptcy petition, and since the state court had possession of the property, it has exclusive jurisdiction to foreclose the mortgages thereon and the District Court, under the decisions of the Supreme Court, was required to dissolve the stay.

■ Under Ohio law a mortgage upon real estate is a lien from time of record [General Code of Ohio, Section 8542; Stewart v. Hopkins, 30 Ohio St. 502; In re Farm & Home Co., 6 Cir., 84 F.2d 933, 935]. The validity of the mortgages is not questioned and they had matured through record a number of years prior to the filing of the bankruptcy petition. The petition for their enforcement had been filed in the state court more than four years before the instant bankruptcy petition was filed. The case therefore seems to be squarely governed by Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; Dannel v. Wilson-Weesner-Wilkinson Co., 6 Cir., 109 F.2d 364, and similar decisions, and to require the conclusion that the District Court erred in denying the motion to vacate the restraining order. Straton v. New declared that liens acquired more than four months before the bankruptcy proceedings are instituted, if valid under state law, are preserved and will be accorded priority by the bankruptcy court in distribution of the estate in accordance with applicable local law. It also declared that when under liens thus acquired prior to the four months' period the state court has taken possession of the res for the purpose of enforcing the lien, the District Court sitting in bankruptcy has no power to enjoin the continuation of such action. See Beeler v. Schumacher, 6 Cir., 80 F.2d 715.

Cf. In re Conservative Mortgage & Guaranty Co., 6 Cir., 24 F.2d 38, and Willis v. Beeler, 6 Cir., 90 F.2d 538, 542.

■■ Here the state court took possession and custody of the property in 1933, and under its orders the receiver and his agents collected rents, made repairs, and administered the property generally until custody was yielded to the bankruptcy court in the reorganization proceeding filed March 1, 1939. Upon dismissal of that case the federal court ordered the trustee to surrender the custody and possession of the property and assets to the state court receiver subject to the orders of the state court theretofore entered, and the property again passed into the custody of the state court.

It is not contended that the state court does not have actual possession of the property, but appellee urges that the case is differentiated from Straton v. New, supra, and hence not governed by the rule there declared because the judgment of the state court was not entered until some thirty days prior to the instant bankruptcy proceeding. Under the Ohio law above cited we think this contention has no merit, for the liens are valid from time of record, and we must accept the finding of the state court made in a proceeding which long antedated the filing of any bankruptcy petition, that the mortgagees were entitle to foreclose in 1933. The mortgages are not liens "obtained by * * * legal or equitable process or proceedings." Title 11 U.S.C., Section 107a, 11 U.S.C.A. § 107, sub. a. Since the judgment of the state court was entered to enforce valid pre-existing liens, the fact that it was entered within the four months' period is immaterial. Straton v. New, supra, page 325 of 283 U.S., page 468 of 51 S.Ct., 75 L.Ed. 1060; Metcalf v. Barker, 187 U.S. 165, 174, 23 S.Ct. 67, 47 L.Ed. 122.

■ Appellee also claims that Straton v. New is inapplicable because of alleged fraud and collusion affecting the receivership and mismanagement by the state court receiver. The special master in the reorganization proceeding reported that during the six years of the pendency of the proceedings in the state court, the receiver had filed no inventory and appraisal, and had filed no report until February 24, 1939, and stated that criticism of the management was justified, but that the alleged irregularities had never been called to the attention of the state court. If the bankrupt's estate has been damaged we cannot assume that it is without remedy by appropriate and seasonable proceedings against those responsible and we fail to see how the question of interference with the state court's jurisdiction is affected thereby.

■■ We think the doctrine of Straton v. New governs unless the rule has been amended or repealed by some provision of the Chandler Act, enacted in 1938. No section of that statute in terms deals with the rule. The Chandler Act added two substantially new general provisions which relate to the control of the bankruptcy court over state court receiverships. Section 2, sub. a (21), of the Bankruptcy Act, Title 11 U.S.C. Section 11a (21), 11 U.S.C.A. § 11, sub. a (21), invests bankruptcy courts with jurisdiction to require receivers appointed in non-bankruptcy proceedings to deliver the property of the bankrupt or debtor to the bankruptcy receiver or trustee and to account for the distribution of the property, but also provides that such delivery and accounting shall not be required except in proceedings in reorganization and in real property arrangements if the receiver was appointed more than four months prior to the date of bankruptcy. Under this provision delivery and accounting would not be required in this case from the receiver in the state court, this not being a reorganization proceeding or a real property arrangement proceeding. Section 69, sub. d, Title 11 U.S.C. Section 109d, 11 U.S.C.A. § 109, sub. d, provides that upon the filing of a petition under this title such a receiver shall be "accountable" to the bankruptcy court for any action taken by him subsequent to the bankruptcy proceeding and shall file sworn schedules and sworn statements of his administration and make no disbursement nor take any action in the administration of the property without first obtaining authorization from the bankruptcy court. This provision contains no exception and applies to all receivers in state court proceedings, whatever the nature of the bankruptcy case. The two provisions were enacted on the same day and are in pari materia. Section 2, sub. a (21), evidently covers cases of accounting by the receiver as to acts done prior to the bankruptcy proceeding and Section 109 makes the receiver accountable to the bankruptcy court for acts of administration subsequent to the bankruptcy proceeding.

Neither section in any way relates to a stay of proceedings in the state court.

Section 11, sub. a, of the Bankruptcy Act, Title 11 U.S.C. Section 29a, 11 U.S.C.A. § 29, sub. a, originally enacted in 1898, provides that where a suit founded upon a dischargeable claim is pending against a debtor at the time bankruptcy proceedings are instituted, such action shall be stayed until an adjudication or the dismissal of the petition, and "may be" further stayed until the question of discharge is determined. For the first time since its enactment this section was amended by the Chandler Act, but the identical language with reference to the issuance of a stay was retained. The statute has not prevented application of a rule requiring non-interference by the bankruptcy court where the state court has acquired prior custody or possession of the property in an action to enforce valid liens. Cf. Beeler v. Schumacher, supra. In any case this section does not apply here since the petition to sell real estate contained no prayer for a deficiency judgment and does not set forth a dischargeable claim. Section 11, sub. a, does not affect judgments against property only. In re Rohrer, 6 Cir., 177 F. 381; In re Cornell, D.C.N.Y., 10 F.Supp. 244.

We think the petition to sell the real estate clearly is a proceeding to enforce liens saved from discharge by the subsequent bankruptcy. Straton v. New, and the cases which followed it, were in general adjudicated prior to the effective date of the Chandler Act, or covered proceedings instituted before that time which hence were governed by the earlier statute. It is significant that although so many decisions constituting, as the Supreme Court declared, "the great weight of federal authority" (Straton v. New, supra, 283 at page 332, 51 S.Ct. at page 470, 75 L.Ed. 1060) established the jurisdiction of the state court in such cases long prior to the Chandler Act, that statute did not in any way alter or modify the rule. We conclude that Straton v. New applies.

Since the state court had possession of the res secured prior to the four months' period, the District Court erred in issuing the order staying the continuation of the foreclosure in the state court.

The part of the order denying the motion to vacate the adjudication of bankruptcy and order of reference and to dismiss the petition is affirmed, but that part of the order which denies the motion to vacate the restraining order is reversed. The case is remanded to the District Court for further proceedings in accordance with this opinion.